**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES EDWARD CLARK,**

**Petitioner,**

**v.** **Civil Action No. 5:16cv179**
**(Judge Stamp)**

**DAVID WILSON, Warden,**

**Respondent.**

# REPORT AND RECOMMENDATION

## I. Introduction

On December 5, 2016, *pro se* Petitioner, James Edward Clark ("Petitioner"), an inmate then incarcerated at FCI Hazelton[1] in Bruceton Mills, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence, imposed in the United States District Court for the Eastern District of Pennsylvania. ECF No. 1. Along with his petition, Clark filed a motion to proceed as a pauper with a copy of his Prisoner Trust Fund Account Report and its Ledger Sheets. ECF No. 2, 3. By Order entered December 20, 2016, Clark's motion to proceed as a pauper was denied as moot because he had already paid the filing fee in a previous case;[2] that fee was applied to this one. ECF No. 6. On May 15, 2017, Clark moved to supplement his petition. ECF No. 9. By Order entered May 16, 2017, Clark's motion was granted. ECF No. 10. By Order entered August 23, 2017, the Clerk was directed to clarify the record by docketing Clark's supplement separately on the docket. ECF No. 12. Thereafter, the supplement was docketed as ECF No. 13. On August 23, 2017, Magistrate Judge James E. Seibert directed the Respondent to show cause why the petition should not be granted. ECF No.

[1] Clark is now incarcerated at FCI Fort Dix in Fort Dix, New Jersey.

[2] See ECF No. 3:16cv179.

14. On September 15, 2017, the case was reassigned from Magistrate Judge James E. Seibert to the undersigned. On September 19, 2017, the Respondent filed a Motion to Dismiss and Response to Order to Show Cause with a Memorandum in support. ECF Nos. 16, 17. Because Clark was proceeding *pro se*, a Roseboro Notice issued on September 20, 2017. ECF No. 18. On October 5, 2017, Clark filed an affidavit/reply in opposition. ECF No. 21. On November 27, 2017, Clark filed a number of exhibits which were sealed by the District Judge. ECF No. 24. On December 5, 2017, Respondent moved for a copy of the sealed exhibits. ECF No. 25. By Order entered January 23, 2017, Respondent's motion for a copy of Clark's exhibits was granted. ECF No. 27. On April 24, 2018, Clark moved to file another supplement to his petition regarding the Supreme Court's recent decision in Sessions v. Dimaya.[3] ECF No. 30.

This matter is pending before the undersigned for review, report, and recommendation pursuant to LR PL P 2.

## II. Procedural History[4]

### A. Conviction and Sentence

On February 11, 2009, after a three-day jury trial, Petitioner was convicted in the Eastern District of Pennsylvania on Count One, attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and Count Two, possession of red phosphorus, a precursor chemical used in the illegal manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(1). United States v. Clark, No. 08-508-01, 2015 WL 765984 (E.D. Pa. Feb. 24, 2015).

[3] Sessions v. Dimaya, 138 S.Ct. 1204 (2018).

[4] This information is taken from Petitioner's criminal docket in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:08cr508, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

The Probation Department prepared a Presentence Investigation Report ("PSR"). Petitioner's base offense level was calculated based upon the fact that the quantity of crystal (or actual) methamphetamine to be manufactured would have been least 3 pounds, resulting in an offense level of 36. Two levels were added for Petitioner's obstruction of justice, for his attempts to unlawfully influence a cooperating witness. Because Petitioner put the government to the burden of going to trial, he did not get any credit for acceptance of responsibility. Because his instant offenses were felony controlled substance offenses, committed when he was 18 or older, and he had prior convictions for kidnapping (1993 conviction in Court of Common Pleas, Bucks County, Pennsylvania) and burglary of a dwelling (1993 Court of Common Pleas, Montgomery County, Pennsylvania), the Probation Officer found that he qualified as a Career Offender under USSG § 4B1.1. The offense level determined under USSG § 4B1.1 was 37. However, Petitioner's offense level remained a 38, rather than the lower level calculated under § 4B1.1, because, as the Probation Officer noted, when there is

> an offense level of 37 or higher, when the criminal history category is VI, [it] results in a guideline range of 360 months to life. It is further noted that the base offense level could have been determined for a mixture of methamphetamine instead of actual methamphetamine. However, the lower base offense level would have been trumped to an offense level of 37, pursuant to U.S.S.G.§ 4B1.1, and resulted in the same guideline range of imprisonment.

PSR,[5] n. 1 at 8. Therefore, Petitioner's resulting sentencing guideline range on Count One was a mandatory minimum term of ten years and a maximum of life; and a maximum term of imprisonment on Count Two of twenty years. See PSR, ¶ 119 at 34. However, pursuant to USSG Chapter 5, Part A, based on a total offense level of 38 and a criminal history category of VI, the guideline range for imprisonment was 360 to life. See id., ¶ 120 at 34.

[5] A copy of Clark's PSR was obtained from the Eastern District of Pennsylvania by the *pro se* law clerk assigned to this case. The PSR does not appear on the docket in Petitioner's underlying criminal case.

At his November 6, 2009 sentencing hearing, Clark was sentenced to a term of 360 months imprisonment on Count One, and 240 months on Count Two, to be served consecutively; 5 years of supervised release as to Count One and 3 years of supervised release as to Count Two; and a fine of $5,000.00. See United States v. Clark, M.D. Pa. Case No. 2:08cr508, ECF No. 63.

**B. Appeal**

Petitioner filed a notice of Appeal on November 6, 2009. On appeal, Petitioner raised multiple challenges to his convictions and sentences. On March 14, 2011, in an unpublished opinion, the Third Circuit affirmed, holding that the District Court

> correctly calculated the Guidelines range, it did not treat the guidelines as mandatory, it considered all of the applicable § 3553(a) factors, it did not base the sentence on clearly erroneous facts, and it adequately explained the chosen sentence. It is, therefore, a procedurally reasonable sentence. Additionally, in the totality of the circumstances, the imposition of a sentence at the low end of the Guidelines range was substantively reasonable.

United States v. Clark, 419 Fed.Appx. 248 (3rd Cir. 2011).

**C. Motion(s) to Vacate**

On October 16, 2012, Petitioner filed a *pro se* § 2255 motion based upon (1) ineffective assistance of counsel, and (2) actual innocence of the charged crimes. After two evidentiary hearings, on February 24, 2015, the Eastern District of Pennsylvania denied the motion. Petitioner appealed the denial, which was affirmed by the Third Circuit. United States v. Clark, No. 15-1595, 652 Fed. Appx. 103 (3rd Cir. 2016).

On June 22, 2016, Petitioner filed an Application for Leave to file a Second or Successive Petition in the Third Circuit. See In re James Edward Clark, No. 16-2836 (3rd Cir.), alleging, *inter alia*, that the Sentencing Guidelines' residual clause was vague. On March 24, 2017, the Third Circuit issued an Order to Show Cause why Petitioner's application should not be denied in light of the Supreme Court's ruling in Beckles v. United States, No. 15-8544, 137 S. Ct. 886, 2017 WL

855781, at *3 (Mar. 6, 2017). Id. Petitioner and the United States responded. On May 18, 2017, the Third Circuit issued an Order denying Petitioner's § 2244 motion, and holding that that pursuant to the United States Supreme Court's recent decision in Beckles,[6] Johnson v. United States[7] did not constitute a new rule of constitutional law invalidating the § 4B1.2(a)(2) residual clause. The Third Circuit also found that Petitioner's argument that his 1993 Pennsylvania burglary conviction did not constitute "burglary of a dwelling," relying in part on Mathis v. United States[8] and Descamps v. United States[9] had no merit, because the categorical approach addressed in Mathis and Descamps were issues of statutory construction, not constitutional decisions. See United States v. Clark, E.D. Pa. 2:08cr508, ECF No. 131.

## III. The Pleadings

### A. The Petition

In support of his § 2241 petition, which references a memorandum of law that was not attached, Clark again seeks to collaterally attack his sentence, challenging 1) the validity of his Career Offender sentence enhancement; 2) arguing that the District Court's use of his prior state convictions was unconstitutionally vague and denied him fair notice; and 3) he was improperly sentenced because his predicate conviction for burglary of a dwelling is not a crime of violence. Accordingly, he contends that the District Court improperly implemented the U.S. Sentencing Guidelines. ECF No. 1 at 5 – 6.

Clark concedes that he did not administratively exhaust his claims prior to filing suit because the same would have been inapplicable to the issues raised. Id. at 7 – 8.

---

[6] See Beckles v. United States, 137 S. Ct. 886 (2017).

[7] Johnson v. United States, 135 S. Ct. 2551 (2015).

[8] Mathis v. United States, 136 S. Ct. 2243 (2016).

[9] Descamps v. United States, 133 S. Ct. 2276 (2013).

Petitioner contends that § 2255 is inadequate and ineffective because he is challenging his sentence, rather than his conviction. Id. at 9.

As relief, he seeks a ruling from this Court that his prior convictions are not predicate crimes of violence; removal of the Career Offender "provision," and resentencing without the Career Offender designation. Id. at 8.

**B. Petitioner's Supplement to his § 2241 Petition**

Petitioner seeks to supplement his petition with the then-recently decided Fourth Circuit Court of Appeals case, Castendet-Lewis v. Sessions,[10] which he asserts supports his arguments. ECF No. 13 at 1. He attaches a copy of the Castendet-Lewis opinion, which raises both Descamps and Mathis argument, to which he has underlined a one-line mention of Mathis argument. ECF No. 13-1 at 18. He provides no argument of his own.

**C. Respondent's Motion to Dismiss**

Respondent contends that the petition should be dismissed because Petitioner is challenging the legality of his sentence itself, not the computation of his sentence, a claim that should be brought on appeal or in a § 2255 motion. ECF No. 17 at 3. Further, Respondent notes, Petitioner's claim is barred because he cannot meet the In re Jones[11] standard, and Petitioner's claim that Mathis entitles him to resentencing has no merit, because Mathis did not announce a new rule of law, permitting Petitioner to proceed under the second prong of the In re Jones standard. Id. at 5 – 6.

**D. Petitioner's Affidavit and Reply in Opposition**

Petitioner reiterates his arguments and attempts to refute the Respondent's on the same, arguing that he is actually innocent of the Career Offender enhancement. ECF No. 21.

---

[10] Castendet-Lewis v. Sessions, 855 F.3d 253 (4th Cir. 2017).

[11] In re Jones, 226 F.3d 328 (4th Cir. 2000).

**E. Petitioner's Motion to Supplement his § 2241 Petition**

Petitioner again moves to supplement his petition, to raise a claim under Sessions v. Dimaya,[12] arguing that "since the Supreme Court . . . decided Descamps . . . and Mathis . . . many crimes that most would think are either crimes of violence or controlled substance offences turn out not to qualify . . . Thus, Descamps and Mathis and now Dimaya have redefined which prior convictions qualify as predicate enhancement offences." ECF No. 30 at 1 – 2. He argues that in Dimaya, the Supreme Court clarified that . . . 18 U.S.C. § 16(b) is . . . [u]nconstitutionally vague . . . and that [b]urglary is [n]on-[v]iolent for enhancement purposes." Id. at 2.

## IV. Standard of Review

**Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

[12] Sessions v. Dimaya, 138 S.Ct. 1204 (2018).

of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## V. Analysis

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the *execution* of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment

allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[13] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> 1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

[13] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

> a. The date on which the judgment of conviction becomes final;
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> 2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> 3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, *supra*, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Here, Clark's § 2241 petition does not seek relief under any permissible ground. His claims do not relate to the execution or calculation of his sentence by the Bureau of Prisons ("BOP"). Instead, his claims attack the validity of his sentence, imposed by the Eastern District of

Pennsylvania. Such claims are properly contested either on direct appeal or in a §2255 proceeding; thus, the instant petition is merely yet another attempt to obtain relief under § 2255, and should be treated accordingly.[14]

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not. Because Petitioner is not challenging his conviction, the Jones test does not apply; instead, the Court must review the petition under the Wheeler four prong savings clause test for erroneous sentences.

As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

As previously noted, it would appear that Petitioner is impliedly raising arguments based the Supreme Court's decisions in Mathis and Descamps. However, neither of those decisions afford him relief, as he has already been advised by the Third Circuit when it denied his § 2244 motion. Neither Mathis nor Descamps apply retroactively in this Circuit. See, *e.g.*, Stewart v. United States, No. Elh-17-1408, 2017 WL 2361809, at *5 (D. Md. May 31, 2017) (§ 2255 case, collecting cases holding that neither Descamps nor Mathis is retroactive); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D. W.Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is non-retroactive).

[14] The Court also notes that regardless of how a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here. Petitioner, having already had a § 2244 motion denied by the Third Circuit Court of Appeals, is aware of this.

Finally, Petitioner's reliance on Sessions v. Dimaya, 138 S.Ct. 1204 (2018) is likewise unavailing. Dimaya is an extension of the void-for-vagueness holding of Johnson v. United States, 576 U.S. __, 135 S.Ct. 2551 (2015), which found the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was impermissibly vague. A similar provision of the Immigration and Nationality Act ("INA") provides that any alien convicted of an aggravated felony, including "a crime of violence" as defined in 18 U.S.C. § 16,[15] will be deported or removed. Accordingly, the Supreme Court held that the residual clause of subparagraph 18 U.S.C. § 16(b) was unconstitutionally vague. Dimaya, 138 S.Ct. at 1216. However, given that Petitioner is a U.S. citizen and not an alien, Dimaya is inapplicable. Moreover, pursuant to Beckles, "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Beckles, 137 S.Ct. at 890; see also U.S. v. Springs, 2018 WL 2411169 *2 (4th Cir. May 29, 2018). Accordingly, Dimaya provides Petitioner no basis for relief.

Therefore, because Clark fails to meet the second prong of the Wheeler test, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

[15] 18 U.S.C. § 16 provides:

The term "crime of violence" means—
**(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
**(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Based on the foregoing, the undersigned recommends that Respondent's Motion to Dismiss [ECF No. 16] be **GRANTED** and Petitioner's § 2241 petition be **DENIED and DISMISSED without prejudice**.

Further, the undersigned recommends that Petitioner's pending motion to file a second supplement to his petition [ECF No. 30] be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgement of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: July 13, 2018

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE