IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES EDWARD CLARK,

       Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 5:16CV179
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(STAMP)
DAVID R. WILSON, Warden,

       Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**AND OVERRULING PETITIONER'S OBJECTIONS**

I.　Procedural History

The pro se[1] petitioner, James Edward Clark ("Clark"), an inmate then incarcerated at FCI Hazelton[2] in Bruceton Mills, West Virginia, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241") challenging the validity of his sentence, imposed in the United States District Court for the Eastern District of Pennsylvania.[3] The action was referred to United States Magistrate

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2] Petitioner Clark is now incarcerated at FCI Fort Dix in Fort Dix, New Jersey.

[3] Petitioner was convicted in the Eastern District of Pennsylvania on Count One, attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and Count Two, possession of red phosphorus, a precursor chemical used in the illegal manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(1). See United States v. Clark, No. 08-508-01, 2015 WL 765984 (E.D. Pa. Feb. 24, 2015).

Judge Michael John Aloi for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and recommendation recommending that respondent's motion to dismiss be granted and that this matter be dismissed without prejudice. ECF No. 36. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. The petitioner filed objections. ECF No. 47.

## II. Facts

In his petition, the petitioner argues that his prior conviction for burglary of a dwelling under Pennsylvania law is no longer considered a crime of violence under the sentencing guidelines. ECF No. 1 at 5-7. For relief, the petitioner seeks to be re-sentenced without a career offender designation. ECF No. 1 at 8. In bringing these claims under a § 2241 petition, the petitioner contends that a petition under 28 U.S.C. § 2255 "is inadequate or ineffective because [the petitioner] is challenging the execution of his sentence rather than his conviction." ECF No. 1 at 9.

The petitioner then filed a motion to supplement his petition. ECF No. 9. In that motion, the petitioner asks this Court to consider Castendet-Lewis v. Sessions, 855 F.3d 253 (4th Cir. 2017).

The petitioner appears to argue that Castendet-Lewis supports his argument that he should be re-sentenced under Mathis v. United States, 136 S. Ct. 2243 (2016).

The respondent, the Warden of FCI Hazelton, filed a motion to dismiss. ECF No. 16. The respondent argues that because the petitioner is challenging the legality of his sentence, he is barred from bringing such a claim under § 2241 unless he can show that a petition under § 2255 would be inadequate or ineffective. ECF No. 17 at 4. The respondent argues that the petitioner cannot meet this standard because the savings clause of § 2255 does not extend to sentencing calculations. ECF No. 17 at 4-5 (citing In re Jones, 226 F.3d 328 (4th Cir. 2000)). Further, the respondent emphasizes that Mathis did not announce a new rule on which the petitioner may rely. ECF No. 17 at 5-6.

The petitioner filed a response to the motion to dismiss. ECF No. 21. The petitioner asserts that he has demonstrated § 2255 is inadequate or ineffective. ECF No. 21 at 3. The petitioner argues that the savings clause of § 2255 applies when a petitioner is arguing actual innocence, and that here the petitioner is claiming he is "actually innocent of being categorized as a [c]areer [o]ffender." ECF No. 21 at 4. The petitioner does not address the respondent's argument that Mathis did not create a new rule.

The petitioner filed a motion to file a second supplement to his petition. ECF No. 30. In that motion, the petitioner asks

this Court to consider Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The petitioner argues that this case "further clarified that [b]urglary is [n]on-[v]iolent for enhancement purposes." ECF No. 30 at 2.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge Michael John Aloi. The magistrate judge then entered a report and recommendation. ECF No. 36. In that recommendation, the magistrate judge recommended that the respondent's motion to dismiss be granted and the petitioner's § 2241 petition be dismissed without prejudice. ECF No. 36 at 13. The magistrate judge found that the petitioner's claim is not properly brought under § 2241 because the claim relates to the validity of his sentence and is a successive attempt to obtain relief under § 2255. ECF No. 36 at 10-11. Thus, the magistrate judge recommended the petition be denied and dismissed without prejudice. ECF No. 36 at 13.

On July 24, 2018, the petitioner filed a motion for extension of time to file objections to the magistrate judge's report and recommendation. ECF No. 40. The petitioner argued that he needed additional time to respond to the report and recommendation because of accessibility issues with the prison law computers and law library. ECF No. 40. This Court granted the motion and gave the petitioner until August 12, 2018 to file objections. ECF No. 41.

4

Petitioner then filed his "response to the magistrate court's report and recommendation." ECF No. 47. Petitioner also filed a document styled "permission to add newly decided case to petitioners memorandum of law." ECF No. 49

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### IV. Discussion

On de novo review, this Court finds that petitioner's § 2241 petition does not seek relief under any permissible ground as his claims do not relate to the execution or calculation of his sentence by the Federal Bureau of Prisons ("BOP"). Instead,

petitioner's claims attack the validity of his sentence, imposed by the Eastern District of Pennsylvania, and such claims are properly contested either on direct appeal or in a § 2255 proceeding; thus, the instant petition is merely yet another attempt to obtain relief under § 2255, and should be treated accordingly.

In his recommendation, the magistrate judge recommended that the respondent's motion to dismiss be granted and the petitioner's § 2241 petition be dismissed without prejudice after finding that the petitioner's claim is not properly brought under § 2241 because the claim relates to the validity of his sentence and is a successive attempt to obtain relief under § 2255 and determining that the petitioner is not entitled to relief under the savings clause of § 2255.  ECF No. 36 at 11.  This Court agrees.  The magistrate judge correctly found that because the petitioner is challenging the validity of his sentence, not his conviction, the Court must apply United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), to determine whether § 2255 is inadequate or ineffective.  ECF No. 36 at 11.  Here, the magistrate judge found that "the [p]etitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review."  ECF No. 36 at 11.  Thus, the magistrate judge recommended the petition be denied and dismissed without prejudice.  ECF No. 36 at 13.

In petitioner's "response to the magistrate court's report and recommendation" (ECF No. 47), the petitioner asserts a general objection to what he calls "factual history obstructions to the recommendation." ECF No. 47 at 2-8. In addition, petitioner attached several attachments including a "memorandum of points and authorities" (ECF No. 47-1), an outline of research (ECF No. 47-2), and copies of the Pennsylvania State Police Bureau of Records & Identification Right-To-Know letters and correspondence (ECF No. 47-3, 47-4, 47-5).

In his objections, the petitioner generally recites what he believes to be errors in the computation of his underlying presentence report, and ultimately, the validity of his sentence imposed by the Eastern District of Pennsylvania. Petitioner then states, after several pages of explanation as to why he believes his presentence report and sentence were invalid, that "[b]ut all of the above is a moot point." ECF No. 47 at 8.

Second, petitioner asserts arguments regarding the "Residual Clause Sentence" and reiterates his earlier arguments relating to the computation of his "guideline range." ECF No. 47 at 8, 11. Petitioner continues by stating that "in the instant case the sentencing court's determination that he was a career offender pursuant U.S.S.G. § 4B1.1 residual clause violates the defendant's constitutional rights." ECF No. 47 at 13. Petitioner submits that

7

he is asking this Court "to remove the career criminal enhancement from Petitioner." ECF No. 47 at 13.

Third, petitioner objects to the magistrate judge's conclusion "that neither <u>Descamps</u> nor <u>Mathis</u> apply retroactively" and asserts that "[b]eing enhanced as a career offender is in fact the computation of Petitioner's sentence." ECF No. 47 at 13, 19.

Fourth, petitioner asserts that "Petitioner has also demonstrated that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention and thus, his claims are proper for consideration under § 2241." ECF No. 47 at 22. Rather than making specific objections to the magistrate judge's report and recommendation, petitioner then proceeds by advancing general recitations of various case law.

Ultimately, petitioner then requests this Court deny respondent's motion to dismiss, allow the instant § 2241 to proceed forward, grant the requested writ of habeas corpus, deem petitioner has been denied due process of law, and reverse, vacate and remand, this case back to the district court for re-sentencing without deeming petitioner as a career offender and without sentencing petitioner under the career offender enhancements. ECF No. 28.

Petitioner also filed a document styled "permission to add newly decided case to petitioners [sic] memorandum of law" and notes the decision of the United States Court of Appeals for the Sixth Circuit in "Harrington" and attaches a "federal prison

8

newsletter for August 13, 2018" which generally outlines several cases. ECF No. 49.

Upon de novo review, this Court finds that, as the magistrate judge correctly noted, "[a]lthough Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not." Id. Because petitioner is not challenging his conviction, the test under In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), does not apply and, instead, this Court must review the petition under the four prong savings clause test under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for erroneous sentences.

In Wheeler, the United States Court of Appeals for the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

>     (3) the prisoner is unable to meet the gatekeeping
>     provisions of § 2255(h)(2) for second or successive
>     motions; and
>     (4) due to this retroactive change, the sentence now
>     presents an error sufficiently grave to be deemed a
>     fundamental defect.

Wheeler, supra, at 429.

The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

As to the first prong, this Court finds that it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, this Court finds that the petitioner cannot meet the second prong of the Wheeler, because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. As the magistrate correctly noted, because petitioner cannot satisfy the second prong of the four-part test set forth in Wheeler, this Court does not need to consider the third or fourth parts of the test, and petitioner's claim fails.

Upon de novo review, this Court also finds that to the extent the petitioner is impliedly raising arguments based upon the Supreme Court's decisions in Mathis and Descamps, this Court finds that neither of those decisions afford petitioner relief, as he has already been advised by the Third Circuit when it denied his § 2244 motion. See ECF No. 36 at 4-5. This Court finds that the

10

magistrate judge correctly noted that petitioner's reliance on Sessions v. Dimaya, 138 S.Ct. 1204 (2018), is likewise unavailing in that Dimaya provides petitioner no basis for relief.

Additionally, this Court finds that petitioner's motion to supplement his memorandum of law (ECF No. 49) is untimely. On July 24, 2018, petitioner filed a letter requesting an extension of time to reply to the report and recommendation issued by the magistrate judge on July 13, 2018 (ECF No. 36). This Court entered an order granting the petitioner's request and extended the time for petitioner to file objections to August 12, 2018. The petitioner filed his motion to supplement his memorandum of law (ECF No. 49) on August 20, 2018. Thus, this Court will deny the petitioner's request as untimely.

This Court finds because petitioner fails to meet the second prong of the Wheeler test, his claims may not be considered under § 2241, and this Court is without jurisdiction to consider the petition. Thus, this Court upholds the magistrate judge's recommendation.

## V. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 36) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, respondent's motion to dismiss (ECF No. 16) is GRANTED, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED, and the petitioner's

objections (ECF No. 47) are OVERRULED.  Further, the petitioner's pending motion to file a second supplement to his petition (ECF No. 30) is DENIED AS MOOT and his motion to supplement his memorandum of law (ECF No. 49) is DENIED as untimely.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   September 19, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE